# CV11-3585

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

PETER P. REICHERT,                    )
                                      )
            Plaintiff,                )        No.
    v.                                )
                                      )
ELTMAN, ELTMAN & COOPER P.C.,         )
ERIN CAPITAL MANAGEMENT, LLC,         )
ASSET MANAGEMENT                      )
PROFESSIONALS, LLC, and               )
ERIN SERIES 1 HOLDINGS LLC            )
FORMERLY KNOWN AS                     )
ERIN SERVICES CO., LLC,               )
                                      )        JURY DEMANDED
            Defendants.               )

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 26 2011 ★
**BROOKLYN OFFICE**

IRIZARRY, J.

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT,
## NEW YORK GENERAL BUSINESS LAW, AND
## <u>COMMON LAW</u>

ORENSTEIN, M.J.

### *Introduction*

1.      Plaintiff Peter P. Reichert is suing Defendants because they have

persistently pursued Plaintiff for a debt that he does not owe. Plaintiff has

repeatedly notified the Defendants that he is not Peter *A.* Reichert, but despite

Plaintiff's consistent notices that he is not the true debtor, Defendants have

continued to pursue Peter *P.* Reichert, the Plaintiff, for almost three years. Plaintiff

has suffered emotional stress and anxiety, has had to pay attorney's fees, and has

had to spend inordinate time and effort fending off the Defendants for almost *three*

years. Plaintiff is seeking statutory damages, actual damages, and punitive

1

damages based on the Defendants' three-year campaign of harassment and their misuse of the legal system.

2.      Plaintiff is a consumer who has been subjected to Defendants Eltman, Eltman & Cooper P.C., Erin Series 1 Holdings LLC f/k/a Erin Services Co., LLC, Erin Capital Management, LLC, and Asset Management Professionals, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, New York General Business Law (GBL) § 349, and common law. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices. New York GBL § 349 prohibits deceptive acts and practices in any business conducted in New York State.

3.      Defendants violated the FDCPA, GBL § 349, and common law by repeatedly, knowingly, and willfully attempting to collect an alleged debt against the wrong person, even going so far as attempting to satisfy a judgment against an unrelated person by attempting to take Plaintiff's car.

### Parties

4.      Plaintiff Peter P. Reichert ("Reichert") is a citizen of the State of New York who resides within Queens County, New York.

5.      Plaintiff Reichert is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from him is a consumer debt.

6.      Defendant Eltman, Eltman & Cooper P.C. ("EEC") is a professional corporation organized in New York County under the laws of the State of New York.

7.     EEC has its principal place of business at 140 Broadway, 26th Floor, New York, NY 10005.

8.     EEC is regularly engaged for profit in the collection of debts allegedly owed by consumers through correspondence, telephone calls, and litigation.

9.     EEC is a "debt collector" as defined by § 1692a(6) of the FDCPA.

10.    Defendant Erin Series 1 Holdings LLC ("Erin Series 1"), formerly known as Erin Services Co., LLC, is a domestic limited liability company organized in Albany County under the laws of the State of New York.

11.    Erin Series 1 has its principal place of business at 99 Washington Avenue, Suite 1008, Albany, NY 12260.

12.    Erin Series 1 is actively engaged in the business of collecting debts allegedly owed by consumers through correspondence, telephone calls, and litigation.

13.    Erin Series 1 is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, in that it is regularly engaged in the collection of debts allegedly due to others.

14.    Defendant Erin Capital Management, LLC ("Erin Capital") is a Delaware corporation with its principal place of business in New York at 35 East 21st Street, New York, NY 10010.

15.    Erin Capital is actively engaged in the business of collecting debts allegedly owed by consumers through correspondence, telephone calls, and litigation.

3

16.     Erin Capital is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, in that it is regularly engaged in the collection of debts allegedly due to others.

17.     Upon information and belief, Defendant Asset Management Professionals, LLC ("Asset Management") is a limited liability company organized under the laws of Georgia with its principal place of business at 665 Molly Lane, Suite 110, Woodstock, GA 30189.

18.     Asset Management is regularly engaged for profit in the collection of debts allegedly owed by consumers.

19.     Asset Management is a "debt collector" as defined by § 1692a(6) of the FDCPA.

20.     The alleged debt that Defendants sought to collect from Reichert is a consumer debt, as defined by § 1692a(5) of the FDCPA.

### *Jurisdiction and Venue*

21.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

22.     Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that gave rise to this action occurred, in substantial part, in this district.

23.     Venue is also proper in this district because Defendants can be found, have agents or transact business in this district.

### *Factual Allegations*

24.     In late-June or July 2008, EEC and Erin Series 1 served Plaintiff with a Notice of Motion to take away his car to satisfy a default judgment obtained in 2005 against Peter *A*. Reichert, not Plaintiff: Peter *P*. Reichert. A copy of the Notice of Motion and accompanying papers, including the original summons and complaint and default judgment, is attached as <u>Exhibit A</u>.

25.     The original creditor of the alleged debt was Discover and the current creditor was allegedly Erin Services Co., LLC.

26.     Plaintiff has never owed any money to Discover or Erin Services Co., now Erin Series 1.

27.     After receiving the motion papers, Plaintiff became extremely upset because EEC and Erin Series 1 had the wrong debtor and Reichert could not afford to lose his car.

28.     In late-June and July 2008, Plaintiff made repeated phone calls and sent a letter to EEC to inform them that they had the wrong Peter Reichert.

29.     On August 1, 2008, Reichert informed EEC and Erin Series 1 that he was not the Peter Reichert they were after. Reichert enclosed copies of his driver's license and a utility bill proving that his name was Peter *P*. Reichert, not Peter *A*. Reichert. A copy of this letter is attached as <u>Exhibit B</u>.

30.     EEC and Erin Series 1 ignored Reichert's letter and phone calls and forced him to go to court.

31.     Reichert was forced to hire legal counsel – at a cost of $1,000.00 – and travel to court on the return date – August 18, 2008.

32.     Reichert went to court to request an adjournment to submit opposition papers or to convince EEC and Erin Series 1 to withdraw their motion.

33.     In court on the return date, EEC and Erin Series 1 withdrew their motion to take Reichert's car.

34.     Reichert expended a great amount of time and effort to convince EEC to withdraw the motion to take his car, including travelling to court and paying money to and hiring legal counsel.

35.     In October 2008, despite the withdrawal of the motion, Reichert received a Marshal's Notice of Execution that a lien had been placed on all of his non-exempt personal property. The Marshal's Notice of Execution – a copy of which is attached as Exhibit C – is dated September 29, 2008.

36.     Reichert became extremely upset after receiving the Marshal's Notice of Execution because he believed that this case of mistaken identity had been resolved when EEC and Erin Series 1 withdrew their motion.

37.     On October 6, 2008, Reichert sent a letter to the New York City Marshal Stephen W. Biegel – a copy of which is attached as Exhibit D – imploring Marshal Biegel that he had the wrong debtor. Reichert again attached copies of his driver's license and utility bill.

6

38.     Additionally on October 6, 2008, Reichert again sent a letter to EEC – a copy of which is attached as Exhibit E – reiterating the fact that they had the wrong debtor.

39.     Less than two years later, EEC decided that it had not finished harassing Reichert and causing him harm.

40.     On August 3, 2010, EEC, now claiming to represent Erin Capital, sent a collection letter to Reichert – a copy of which is attached as Exhibit F – attempting to collect on the *exact same debt* as in 2008 on the wrong person: Plaintiff.

41.     This letter listed the Creditor as Erin Capital Management, LLC and the Original Creditor as Discover.

42.     Plaintiff has never owed any money to Erin Capital or Discover.

43.     On August 12, 2010, Reichert wrote to EEC via letter – a copy of which is attached as Exhibit G – disputing the debt, and imploring that they, *again*, had the wrong Peter Reichert.

44.     On December 8, 2010, Asset Management and Erin Capital attempted to collect on the exact same debt that EEC and Erin Series 1 had attempted in 2008 and again in August 2010. A copy of this letter is attached as Exhibit H.

45.     In this letter, Asset Management listed the Original Creditor as Discover and listed Erin Capital Management in the "Re:" line.

46.     Plaintiff has never owed any money to Erin Capital or Discover.

7

### COUNT I
### Violations of the Fair Debt Collection Practices Act

#### Violations of Sections 1692e, e(2)(A), e(5), e(10), f, and f(1) of the Fair Debt Collection Practices Act

47.    Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

48.    Section 1692e of the FDCPA provides, in relevant part:

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."*

49.    Section 1692e(2)(A) of the FDCPA provides, in relevant part:

*A debt collector may not falsely represent "the character, amount, or legal status of any debt...."*

50.    Section 1692e(5) of the FDCPA prohibits:

*"The threat to take any action that cannot legally be taken or that is not intended to be taken."*

51.    Section 1692e(10) of the FDCPA prohibits:

*"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

52.    Section 1692f of the FDCPA provides, in relevant part:

*"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

53.    Section 1692f(1) of the FDCPA prohibits:

*"The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."*

54. By sending, or causing to be sent, the letter dated August 3, 2010 –
Exhibit F – EEC, Erin Series 1, and Erin Capital violated Sections 1692e, e(2)(A),
e(5), e(10) f, and f(1) by using misleading means in the attempted collection of the
debt, misrepresenting the legal status of the debt, threatening to take action that
cannot legally be taken, using unfair and unconscionable means in the attempt to
collect the debt, and attempting to collect an amount that EEC and ECM knew
Reichert did not owe. In sum, even with actual knowledge that they had the wrong
person, Defendants *again* went after Plaintiff.

55. By sending, or causing to be sent, the letter dated December 8, 2010 –
Exhibit H – EEC, Erin Capital, Erin Series 1, and Asset Management violated
Sections 1692e, e(2)(A), e(5), e(10) f, and f(1) by using misleading means in the
attempted collection of the debt, misrepresenting the legal status of the debt,
threatening to take action that cannot legally be taken, using unfair and
unconscionable means in the attempt to collect the debt, and attempting to collect
an amount that Defendants knew Reichert did not owe.

56. As a direct and proximate result of Defendants' violations of the
FDCPA, Plaintiff was damaged in that he, among other things, suffered emotional
stress and anxiety and had to pay attorney's fees and spend time and effort writing
letters and appearing court first to avoid having his car taken and then as a result
of Defendant's repeated attempts to collect a debt from Plaintiff that Defendants
knew he did not owe because Defendants had the wrong person. In other words,
despite Defendants knowing they had wrongfully attempted to take his car in

August 2008, starting in August 2010, Defendants again attempted to collect from the wrong Peter Reichert.

57.     Defendants are liable to Reichert for their violations of the FDCPA.

### COUNT II
### Violations of New York General Business Law § 349

58.     Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

59.     Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

60.     GBL § 349 provides in relevant part as follows:

   a.   *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

   b.   *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

61.     By attempting to collect a debt that Defendants knew Reichert did not owe, using misleading means in the attempted collection of the debt, misrepresenting the legal status of the debt, threatening to take action that cannot

10

legally be taken, using unfair and unconscionable means in the attempt to collect the debt, Defendants have committed materially misleading and consumer-oriented acts that have caused Plaintiff to suffer actual injury in the form of emotional distress, attorney's fees, and lost compensation in responding to and defending against Defendants' unlawful debt collection and their motion to take his car.

62.   Upon information and belief, Defendants regularly utilize deceptive practices as described above in attempts to collect consumer debts. For example, EEC was sanctioned by Judge Michael A. Ciaffa of Nassau County District Court, Second District, for at least eighteen Rule 130 violations relating to deceptive practices in *Erin Servs. Co., LLC. v. Bohnet*, 2010 NY Slip Op 50327(U), 26 Misc. 3d 1230(A) (Dist. Ct. Nassau Co. 2010). A copy of the decision is attached as Exhibit I.

63.   Defendants' actions have a broad impact on New York consumers at large.

64.   As a direct and proximate result of Defendants' deceptive acts and practices, committed in willful and knowing violation of GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety and was forced to pay attorney's fees and spend time and energy as a result of Defendants' deceptive collection practices.

65.   Defendants are liable to Plaintiff for violations of GBL § 349.

### COUNT III
### *Negligence and Gross Negligence against Defendants*

66.   Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

67. The actions and omissions of Defendants constitute a misdemeanor under New York General Business Law §§ 600 and 601. Plaintiff is in the class of people intended to be protected by New York GBL §§ 600 and 601.

68. Defendants had actual knowledge that Plaintiff was Peter *P.* Reichert, not the actual debtor, Peter *A.* Reichert, because Plaintiff had spent significant time and money in 2008 proving those facts to Defendants EEC, Erin Capital and Erin Series 1, and had thereby caused Defendants to withdraw the motion to take Plaintiff's car. But in 2010 Defendants continued attempting to collect from Plaintiff on the *same exact debt.* Plaintiff relied upon Defendants' representations in 2008 that they knew Plaintiff was not the true debtor. It was foreseeable that Defendants' failure to abide by their representations and actions could damage Plaintiff.

69. The relationship between Plaintiff and Defendants created a special duty owed to Plaintiff by Defendants.

70. The actions and omissions of Defendants described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty in the manner in which they handled Plaintiff's account, said duties were breaches, said breach was the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff.

## COUNT IV
### Abuse of Process

71.    Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

72.    Defendants' actions constitute the tort of abuse of process in that the Defendants used regularly issued process, after it was issued, with intent to do harm, in a perverted manner, in order to obtain a collateral objective. Defendants' actions interfered with the rights of Plaintiff and Plaintiff suffered actual and special damages.

73.    Defendants issued regular process in that they served a summons and complaint on Plaintiff and filed the same in Queens County Civil Court.

74.    Defendants used such process after it was issued with intent to do harm in that they prosecuted claims in 2008 against the wrong Peter Reichert and continued to prosecute these claims by moving to execute against Plaintiff's car until Plaintiff, after spending significant amounts of time money, convinced Defendants to withdraw their motion. Defendants also used such process by again attempting to collect on the exact same debt in 2010 as in 2008.

75.    Defendants unlawfully interfered with Plaintiff's rights in that they continued to attempt to collect a debt from Plaintiff despite Plaintiff already proving that he was not the correct debtor.

76.    Defendants used the lawsuit against Peter *A.* Reichert to obtain a collateral objective against Plaintiff, Peter *P.* Reichert, in that Defendants leveraged

the suit in an attempt to take away Plaintiff's car followed by a subsequent Marshal's Execution and collection letters.

77.     Defendants continued to use the lawsuit to demand payment from Plaintiff after having actual knowledge that the correct debtor was Peter A. Reichert, not Plaintiff.

78.     Plaintiff suffered actual and/or special damages due to Defendants' actions in that he suffered pecuniary loss, out of pocket expenses, severe and substantial mental distress, pain and suffering, disgrace, humiliation, loss of time, sleeplessness, anger, lack of concentration, and stress amongst other injury.

79.     Plaintiff is entitled to punitive damages for the actions and omissions of Defendants as described.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor against Defendants Eltman, Eltman & Cooper P.C., Erin Series 1 Holdings LLC f/k/a Erin Services Co., LLC, Erin Capital Management, LLC, and Asset Management Professionals, LLC as follows:

A.      Actual damages;

B.      A declaratory judgment that Defendants' conduct violated the FDCPA;

C.      Statutory damages as provided by Section 1692k of the FDCPA;

D.      Civil penalties;

E.      Punitive damages;

F.      Attorneys' fees, litigation expenses, and costs; and

14

G.    Such other and further relief as the Court may deem just and proper.

### *Demand for Jury Trial*

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       July 26, 2011

                              Respectfully submitted,

                              BROMBERG LAW OFFICE, P.C.


                              By: _____
                                   Michael N. Litrownik
                                   One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

# Exhibit A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Erin Services Co., LLC                                      X   INDEX NO.: 47068/05
,                                                           :
                          JUDGMENT CREDITOR,                :
                                                            :
   -AGAINST-                                                :      **NOTICE OF MOTION**
                                                            :
                                                            :
PETER REICHERT                                              :
                          JUDGMENT DEBTOR (S)               :
                                                            X

S I R S:

PLEASE TAKE NOTICE, that upon the annexed Affirmation of John D. Strathman,

dated 6/23/2008, and upon the affidavit of Carl Fon, dated 6/23/2008, and upon all the papers

and proceedings heretofore had herein, the undersigned will move this Court at a Motion Part,

Part 34 thereof, room *102* to be held at the Courthouse located at 89-17 SUTPHIN

BLVD, , JAMAICA, NY 11435 on *August 18* , 2008, at 9:30 am in the forenoon of that day,

or as soon thereafter as counsel can be heard, for an ORDER pursuant to CPLR 5225(a),

requiring PETER REICHERT, Judgment Debtor, to pay over to Erin Services Co., LLC

, Judgment Creditor, the sum of $13353.90 dollars in his or her possession, in satisfaction of a

judgment entered in the above entitled action, in this Court, on 10/9/2005, in the amount of

$10,743.85, or if the Judgment Debtor is not in possession of sufficient money to satisfy the

judgment, deliver to the Sheriff of the County where this motion is venued, the within

described motor vehicle in his or her possession, or so much thereof as is sufficient to satisfy the

judgment entered in the above entitled action in the  CIVIL COURT OF THE CITY OF NEW

YORK, COUNTY OF QUEENS or assign and deliver said property to the county sheriff,

together with such other and further relief as this Court may

. Notice: This is an attempt to collect a debt by a debt collector and any information obtained will be
used for that purpose.

deem just and proper.

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR 2214, all answering

affidavits, if any, are to be served upon the undersigned at least seven (7) days prior to the

return date of this motion.

Dated:        New York, New York
              6/23/2008

John D. Strathman
ELTMAN, ELTMAN & COOPER, P.C.
ATTORNEY FOR PLAINTIFF
140 BROADWAY, 26TH FLOOR
NEW YORK, NEW YORK 10005
(212) 660-3100

TO PETER REICHERT,
    1821 129TH ST
    COLLEGE POINT, NY 11356

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

X   INDEX NO.: 47068/05

Erin Services Co., LLC                                          :

                    JUDGMENT CREDITOR,   :

                                                               :

-AGAINST-                                                      :    **AFFIRMATION IN SUPPORT**
                                                               :    **OF APPLICATION FOR 5225**
                                                               :    **ORDER AGAINST JUDGMENT**
                                                               :    **DEBTOR**
PETER REICHERT                                                 :
                    JUDGMENT DEBTOR(S)    :
X

STATE OF NEW YORK)

COUNTY OF NEW YORK)    SS.:

John D. Strathman, an attorney duly licensed to practice law in the State of New York, hereby affirms under penalties of perjury and pursuant to the provision of the CPLR:

1. I am an associate of the firm of ELTMAN, ELTMAN AND COOPER, P.C., attorneys for the Judgment Creditor, Erin Services Co., LLC, in the above captioned action. As such, I am fully familiar with all the facts, circumstances, papers and proceedings surrounding this litigation. I make this affirmation in support of the Judgment Creditor's motion to direct the Judgment Debtor to pay over to Judgment Creditor the balance currently owing on the judgment entered against the defendant, or in the alternative to turn over the property identified herein to the Sheriff of the County where this motion is venued.

2. This action was commenced by the filing of a Summons and Complaint that resulted in a default judgment that was entered by this Court on 10/9/2005, in the amount of $10,743.85.

3. That as of the date of this affirmation, the amount of money that is currently due and owing on the aforementioned judgment is $13353.90.

4. That Plaintiff's attorney has undertaken to enforce the default judgment on behalf of the Judgment Creditor, including making demand directly upon the Judgment Debtor for payment of the aforesaid amount.

5. Plaintiff's attorney has attempted to locate bank accounts as well as the Judgment Debtor's place of employment, and has been unsuccessful in locating those other assets to satisfy this judgment.

6. Pursuant to CPLR 5225(a), motion may be made to the Court of entry for an Order directing the Judgment Debtor to pay over to the Judgment Creditor such amount as is currently due and owing on a judgment, or absent the Judgment Debtor having such funds available to satisfy the demand, Order that certain identified personal property be delivered to the designated County Sheriff for sale of the personal property pursuant to CPLR 5233(a).

7. That in preparation of this motion, I have requested documents be obtained regarding the ownership of any automobiles that are owned by the Judgment Debtor.

8. That our law firm maintains an account with the New York State Department of Motor Vehicles, pursuant to which account, the office is able to access reports on the ownership of vehicles that have been titled to various people and their current status as to being "on the road" or if the plates have been surrendered to the State.

9. That annexed hereto as EXHIBIT A is a New York State Department of Motor Vehicle report requested by me and examined by me regarding the vehicle owned by the Judgment Debtor.

10. That the attached New York State Department of Motor Vehicle report clearly states that the Judgment Debtor is owner of the vehicle described below and that the vehicle's plates have not been returned to the State:

VEHICLE DESCRIPTION:
      Year  : 1993
      Make : FORD
      Model: THUNDERBIRD
      Vin   : 1FAPP6248PH105593
      Plate : BAF5081

11. That I have further reviewed the records with regard to any lien holders who may have an ownership interest in the vehicle, and have found none to exist.

12. That barring the Judgment Debtor's inability to pay over to the Judgment Creditor's attorney monies sufficient to pay this judgment debt in full, there appears to affiant no reason why the vehicle identified herein cannot be delivered to the sheriff as requested herein for sale at public auction to satisfy the outstanding judgment.

WHEREFORE,     the     Judgment     Creditor,     Erin     Services     Co.,     LLC respectfully requests that an Order be entered herein requiring PETER REICHERT, Judgment Debtor, to

pay over to Plaintiff's attorney so much of said funds as are currently in his or her possession sufficient to satisfy the outstanding judgment or in the alternative, enter an Order directing the Judgment Debtor to deliver to the County Sheriff the motor vehicle identified herein within twenty (20) days of such Order together with such other and further relief as this court may deem just and proper.

Dated:          New York, New York
                6/23/2008

                                        John D. Strathman
                                        ELTMAN, ELTMAN & COOPER, P.C.
                                        ATTORNEY FOR PLAINTIFF
                                        140 BROADWAY, 26TH FLOOR
                                        NEW YORK, NEW YORK 10005
                                        (212) 660-3100

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------- x   INDEX NO.: 47068/05

Erin Services Co., LLC                                                 :

,                  JUDGMENT CREDITOR,                                   :
                                                                       :
  -AGAINST-                                                            :       AFFIDAVIT IN SUPPORT
                                                                       :     OF APPLICATION FOR 5225
PETER REICHERT,                                                         :     ORDER AGAINST JUDGMENT
                                                                       :            DEBTOR
                   JUDGMENT DEBTOR (S)                                  :
                                                                       :
---------------------------------------------------------------------- x

STATE OF NEW YORK)

COUNTY OF NEW YORK ) SS.:

Carl Fon, Being duly sworn and deposed, states as follows:

1. I am the Assistant Secretary of Erin Services Co., LLC , Judgment Creditor in the above captioned action. As such, I am fully familiar with all the facts, circumstances, papers and proceedings surrounding this litigation. I make this affidavit in support of the Judgment Creditor's motion to direct the Judgment Debtor to pay over to Judgment Creditor the balance currently owing on the judgment entered against the defendant, or in the alternative to turn over the motor vehicle identified herein to the County Sheriff for sale at public auction to satisfy the judgment.

2. That as of the date of this affirmation, the amount of money that is currently due and owing on the aforementioned judgment to Erin Services Co., LLC is $13353.90.

3. That I believe that PETER REICHERT is the owner of the motor vehicle identified in the affirmation of John D. Strathman, and as detailed in the document from the New York State Department of Motor Vehicles, which are both annexed hereto, that the vehicle is eligible to be used to apply towards satisfying the outstanding judgment.

4. That I believe the vehicle is currently registered to PETER REICHERT and does not reflect that the license plates have been returned to the State, that the automobile is in the possession of the judgment debtor that the vehicle is eligible to be turned over to the county sheriff for sale at public auction.

WHEREFORE, it is respectfully requested that an Order be entered herein requiring PETER REICHERT, Judgment Debtor, to pay over to Plaintiff's attorney so much of said funds as are in his/her possession sufficient to satisfy the outstanding judgment or in the alternative, enter an Order directing the Judgment Debtor to deliver to the County Sheriff the motor vehicle identified in the Affirmation of John D. Strathman that is annexed hereto, within twenty (20) days of such Order together with such other and further relief as this court may deem just and proper.

Dated:      New York, New York
            6/23/2008

CARIDAD M. FERREIRA
Notary Public, State of New York
No. 01FE6183497
Qualified in Kings County
Commission Expires March 17, 2012

CARL FOX
ASSISTANT SECRETARY

Sworn to before me 6/23/2008

Caridad Ferreira
Notary Public, State of New York
No. 01FE6183497
Qualified in Kings County
Commission Expires March 17, 2012

ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalty of perjury pursuant to the CPLR.

The undersigned attorney hereby certifies that to the best of her knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers, Notice of Motion, Affirmation in Support and Affirmation in Good Faith with supporting papers or the contents herein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
6/23/2008

JOHN D. STRATHMAN
ELTMAN, ELTMAN & COOPER, P.C.
ATTORNEY FOR PLAINTIFF
140 BROADWAY, 26TH FLOOR
NEW YORK, NEW YORK 10005
(212) 660-3100

Case 1:11-cv-03585-DLI-JO   Document 1   Filed 07/26/11   Page 25 of 65 PageID #: 25

Help

```
**VEHICLE IDENTIFICATION NUMBER RECORD EXPANSION**   TODAY'S DATE IS 06/20
VIN#: 1FAPP6248PH105593              CURRENT OWNER:
93 FORD WHITE 2DSD WGT: 003397      REICHERT,PETER,P
125771 ACTUAL MILEAGE
FUEL: GAS   CYL: 06
                     18-21 129TH ST
PLATE: BAF5081 TYPE: PASSENGER      COLLEGE PT NY   11356
ORIG DOC ISSUED: 11/06/01      LAST DOC ISSUED: 11/06/01
```

**BALANCE:   1661.00**

MENU          ABSTRACT

CONSUMER CREDIT TRANSACTION
IMPORTANT ! ! YOU ARE BEING SUED ! !
THIS IS A COURT PAPER - A SUMMONS.

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY
CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT,
OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN
BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR
YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK
(PERSONAL APPEARANCE) WILL HELP YOU!

ACCOUNT #: 06586011002220656151
FILE#: EEC1125949.
Index No.:.

0047068

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK COUNTY OF QUEENS

**SUMMONS**

Erin Services Co., LLC

PLAINTIFF,

-AGAINST-

PETER A REICHERT

Defendant(s).

: PLAINTIFF'S ADDRESS
: 90 WILLIAM ST - SUITE 802
: NEW YORK, NY 10038
:
: THE BASIS OF VENUE
.: DESIGNATED IS
.: DEFENDANT'S RESIDENCE.
:

TO THE ABOVE NAMED DEFENDANT(S) YOU ARE HEREBY SUMMONED TO APPEAR IN
THE CIVIL COURT OF THE CITY OF NEW YORK, QUEENS AT THE OFFICE OF THE
CLERK OF THE SAID COURT AT: 89-17 SUTPHIN BLVD , JAMAICA, NY  11435 IN
COUNTY OF QUEENS, CITY AND STATE OF NEW YORK WITHIN THE TIME PROVIDED
BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED COMPLAINT
WITH THE CLERK: UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN
AGAINST YOU FOR THE SUM OF $7,236.90, WITH INTEREST THEREON FROM
5/29/2000 TOGETHER WITH THE COSTS OF THIS ACTION.

DATED: 5/5/2005

JAMES HANLON/ROBERT A. BURKE
Eltman, Eltman & Cooper, P.C.
ATTORNEY FOR PLAINTIFF
90 William Street
New York, NY 10038-5043
(212) 660-3100

NOTE: THE LAW PROVIDES THAT:  (A) IF THIS SUMMONS IS SERVED BY ITS
DELIVERY TO YOU PERSONALLY WITHIN THE CITY OF NEW YORK, YOU MUST
APPEAR AND ANSWER WITHIN TWENTY DAYS AFTER SUCH SERVICE; OR (B) IF
THIS SUMMONS IS SERVED BY DELIVERY TO ANY PERSON OTHER THAN YOU
PERSONALLY, OR IS SERVED OUTSIDE THE CITY OF NEW YORK OR BY
PUBLICATION, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU
WITHIN THE CITY OF NEW YORK YOU ARE ALLOWED THIRTY DAYS AFTER PROOF OF
SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT WITHIN WHICH TO
APPEAR AND ANSWER.

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

D127

. ps-870

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK, COUNTY OF QUEENS
——————————————————————X

    Erin Services Co., LLC

            Plaintiff,          **VERIFIED COMPLAINT**

      -against-

    PETER A REICHERT
            Defendant(s).
——————————————————————X

      Plaintiff, by its attorneys, Eltman, Eltman & Cooper, P.C., complaining of the defendant(s), alleges the following:

    1.   Plaintiff is a foreign corporation organized under the laws of the State of Delaware and authorized to do business in the State of New York.

    2.   Upon information and belief, the defendant(s) reside(s) in the county in which this action is brought and/or the transaction(s) giving rise to the instant action occurred within said county.

### AS AND FOR A FIRST CAUSE OF ACTION

    3.   On or about 2/10/2000, DISCOVER, at the express or implied request of the defendant(s), extended credit or other value under a credit card to the defendant(s).

    4.   By the use of said credit card, the defendant(s) expressly and/or impliedly agreed to repay to DISCOVER the amount of credit extended pursuant to the terms of DISCOVER's standard credit card agreement.

    5.   The defendant(s) failed to make the monthly payments when due after 5/29/2000.

    6.   The sum of $7,236.90 was due to DISCOVER from the defendant(s) on the account and though duly demanded, no part of same has been paid.

    7.   Thereafter, the plaintiff purchased all right, title and interest in the account and received an assignment of all the obligations of the defendant to DISCOVER and all causes of action arising therefrom and the right to enforce such obligations and causes of action, and the right to all monies due thereunder.

    8.   There remains a balance of $7,236.90 due to plaintiff, as assignee of the original creditor, which balance, though duly demanded, remains unpaid.

AS AND FOR A SECOND CAUSE OF ACTION

9.    Plaintiff repeats, reiterates and realleges each and every allegation asserted in paragraphs 1 through 8.

10.    On information and belief, an account was stated on or about 5/29/2000, by mail, between DISCOVER and the defendant(s).  The sum of $7,236.90 was due to DISCOVER from the defendant(s) and though duly demanded, no part of same has been paid. The defendant(s) retained the accounting and no objection to it has been made.

WHEREFORE, Plaintiff demands judgment against the defendant(s) for the sum of $7,236.90 on the first cause of action; the sum of $7,236.90 on the second cause of action; together with interest thereon from 5/29/2000, and the costs and disbursements of this action.

Dated:   New York, New York
         5/5/2005

                              Eltman, Eltman & Cooper, P.C.
                              ATTORNEY FOR PLAINTIFF
                              90 William Street
                              New York, NY 10038-5043
                              (212) 660-3100

STATE OF NEW YORK
COUNTY OF NEW YORK

      CARL FON BEING SWORN SAYS: I AM THE ASSIST. SECRETARY OF Erin
Services Co., LLC, ONE OF THE PARTIES TO THE ACTION, I HAVE READ THE ANNEXED
SUMMONS AND COMPLAINT, KNOW THE CONTENTS THEREOF AND THE SAME ARE TRUE TO MY
KNOWLEDGE, EXCEPT THOSE MATTERS THEREIN WHICH ARE STATED TO BE ALLEGED ON
INFORMATION AND BELIEF, AND AS TO THOSE MATTERS I BELIEVE THEM TO BE TRUE.

      MY BELIEF, AS TO THOSE MATTERS THEREIN NOT STATED UPON KNOWLEDGE,
IS BASED UPON THE FOLLOWING: RECORDS MAINTAINED BY PLAINTIFF.

      DATED: NEW YORK, NEW YORK
           5/5/2005

                                    CARL FON

SWORN TO BEFORE ME ON 5/5/2005

MAXWELL E. BURKE
Notary Public, State of New York
No.: 01BU6093932
Qualified in Bronx County
Commission Expires September 10, 2005

MICHELLE DELMAR
Notary Public, State of New York
No.: 01DE6107753
Qualified in Bronx County
Commission Expires April 5, 2008

Case 1:11-cv-03585-DLI-JO   Document 1   Filed 07/26/11   Page 30 of 65 PageID #: 30

...ent of Defense Manpower Data Center                    AUG-11-2005 12:37:16

 Military Status Report
Pursuant to the Service Members' Civil Relief Act

| ◀ Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|---|---|---|---|---|
| REICHERT | PETER A | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, the above is the current status of the individual, per the Information provided, as to all branches of the Military.

*[signature]*

Robert J. Brandewie, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Service Members Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are most strongly encouraged to contact us by Fax at (703-696-4156) or by phone at (703-696-6762). We will then conduct further research. Your failure to re-contact DMDC may cause provisions of the SCRA to be invoked against you.

This response reflects current active duty status only. For historical information, please contact the military services SCRA point of contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html.

*Report ID:BCZUZSKCGIR*

# AFFIDAVIT OF SERVICE

Erin Capital Management, L.L.C.                    Plaintiff(s)/Petitioner(s)

VS.                                                                    INDEX #

Peter A Reicart                    Defendant(s)/Respondent(s)

County of Queens, State of New York, I Christopher Tabeek being duly sworn deposes and says he is over 18 and resides in New York City.

On 5/20/05 at; 6:18 PM Deponent served the within Summons & Complaint

On Peter A Reicart at; 7369 198th St Fresh Meadows NY 11366. 2 Family

() Individual by delivering a true copy of each to said recipient personally, deponent knew the person served to be the as said person therein;

() Suitable person of age by delivering a true copy of each to a person of suitable age and discretion Said premises is recipients () actual place of business (x) dwelling house (usual place of abode) within the state. I asked the person spoken to whether the defendant actually resides/is employed at these premises and received an affirmative reply.

(x) Affixing to by affixing a true copy of each to the door of said premises, which is defendants () actual place of business (x) dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion, having called here at,

5/18/05 at; 2:58 PM                    5/19/05 at; 8:40 AM                    5/20/05 at; 6:18 PM

(x) Mailing within 20 days of such delivery or affixing, deponent enclosed a copy of same in first class postpaid envelope properly addressed to recipient at recipient last known (x) residence, () place of employment, at; 7369 198th St Fresh Meadows NY 11366. On, 5/23/05 in an official depository under the exclusive care and custody of the U.S. Postal Services in New York State.

The envelope bore the legend "Personal & Confidential" and did not indicate on the outside thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

() Description: A description of the defendant or other person served, or spoken to on the behalf of the defendant is as follows:

Sex:        Skin:        Hair:        Age:        Height:        Weight:        Other:

Sworn to before me on:

This 23 day of May 2005

KEVIN M. PAPAVERO
Notary Public, State of New York
No. 01PA6062025
Qualified in Queens County
Commission Expires July 30, 2005

Christopher Tabeek
LIC; #1185704

COURT OF THE CITY OF NEW YORK
OF QUEENS

INDEX #: 4776427 06

Seta Services Co., LLC
                    PLAINTIFF(S)

          -AGAINST-

PETER R. REICHERT
                    DEFENDANT(S)

: AFFIDAVIT OF MAILING OF
: A COPY OF
: THE SUMMONS

STATE OF NEW YORK  COUNTY OF NEW YORK SS:

_Marie Villot_ BEING DULY SWORN, DEPOSES AND SAYS: I AM OVER 18 YEARS OF AGE, RESIDE AT AND AM EMPLOYED BY THE ATTORNEY FOR THE PLAINTIFF IN THIS ACTION. THE ABOVE ENTITLED ACTION IS AGAINST A NATURAL PERSON AND IS BASED UPON NONPAYMENT OF A CONTRACTUAL OBLIGATION.

TO COMPLY WITH THE ADDITIONAL NOTICE PROVISIONS OF THE CPLR, AS AMENDED, IN 08 31 06 I ENCLOSED A COPY OF THE SUMMONS AND COMPLAINT IN THE ABOVE ENTITLED ACTION IN A FIRST CLASS MAIL POST-PAID SEALED ENVELOPE. I DEPOSITED THE ENVELOPE IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE WITHIN NEW YORK STATE.  THE ENVELOPE BORE THE LEGEND 'PERSONAL AND CONFIDENTIAL' AND THERE WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.
SUCH ENVELOPE WAS PROPERLY ADDRESSED TO THE DEFENDANT PETER R REICHERT AT DEFENDANT'S

[X] RESIDENCE ADDRESS AT 7369 188TH ST,  FRESH MEADOWS, NY11366-1818 AND I DEPOSITED THE ENVELOPE IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE WITHIN NEW YORK STATE AND  THE ENVELOPE WAS :

[X] NOT BEEN RETURNED BY THE POSTAL SERVICE.

[ ] BEEN RETURNED BY THE POSTAL SERVICE AND I ENCLOSED A COPY OF THE SUMMONS AND COMPLAINT IN A FIRST CLASS MAIL POST-PAID ENVELOPE PROPERLY ADDRESSED TO DEFENDANT PETER R REICHERT IN CARE OF DEFENDANT'S

[ ] PLACE OF EMPLOYMENT AT:     .

THE PLACE OF RESIDENCE OF THE DEFENDANT IS UNKNOWN. I DEPOSITED THE ENVELOPE IN CUSTODY OF THE UNITED STATES POSTAL SERVICE WITHIN NEW YORK STATE.

[ ] LAST KNOWN ADDRESS, AT 7369 188TH ST,  FRESH MEADOWS, NY11366-1818 NEITHER THE RESIDENCE ADDRESS, OR THE PLACE OF EMPLOYMENT OF THE DEFENDANT IS KNOWN.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE STATEMENTS HEREIN MADE ARE TRUE, EXCEPT AS TO SUCH STATEMENTS AS ARE BASED ON INFORMATION AND BELIEF, WHICH STATEMENTS I BELIEVE TO BE TRUE
DATE:
SWORN TO BEFORE ME ON 8/11/06  _M: Villot_

Gloria Villota
Notary Public, State of New York
No. 01VI6106253
Qualified in Westchester County

COURT OF THE CITY OF NEW YORK
OF QUEENS

INDEX #: 4*065/08

-------------------------------------------

JUDGMENT ON DEFAULT

Span Services Co., LLC
PLAINTIFF(S)

AFFIDAVIT OF FACTS
CONSTITUTING THE DEFAULT
AND THE AMOUNT DUE

-AGAINST-

PETER A. REICHERT
DEFENDANT(S)

JUDGMENT RENDERED IN FAVOR
OF PLAINTIFF(S)

-------------------------------------------

STATE OF NEW YORK
COUNTY OF NEW YORK

ss.:

CARL FOX, BEING DULY SWORN, DEPOSES AND SAYS:

1. THAT I AM THE ASSISTANT SECRETARY FOR THE PLAINTIFF(S) IN THE ABOVE ACTION AND IN THAT CAPACITY HAVE POSSESSION OF THE BOOKS AND RECORDS OF THE PLAINTIFF AND HAS PERSONAL KNOWLEDGE OF THE FACTS STATED HEREIN.

2. THAT THIS ACTION WAS COMMENCED BY SUBSTITUTE AND/OR PERSONAL SERVICE OF A SUMMONS AND COMPLAINT, UPON DEFENDANT(S) AND SEEKS A MONEY JUDGMENT TO RECOVER A SUM CERTAIN AMOUNT AGAINST THE DEFENDANT(S) FOR DEFENDANT'S(S') USE OF A CREDIT CARD.

3. THAT THE DEFENDANT ENTERED INTO A REVOLVING CREDIT AGREEMENT WITH DISCOVER WHEREBY DEFENDANT AGREED TO PAY MONTHLY INSTALLMENTS FOR ALL CREDIT TRANSACTIONS AND/OR CASH ADVANCES CHARGED TO CARD NO. 6658601130822265 DEFENDANT USED OR AUTHORIZED THE USE OF THE CREDIT CARD ACCOUNTS TO OBTAIN GOODS AND/OR SERVICES AND/OR CASH ADVANCES AS OF 5/29/2008 IN THE AMOUNT OF $7,296.90 BUT FAILED TO MAKE THE PAYMENTS DUE UNDER THE AGREEMENT.

4. THAT AFTER THE DEFAULT BY DEFENDANT, PLAINTIFF PURCHASED ALL RIGHT, TITLE AND INTEREST IN THE ACCOUNT FROM DISCOVER OR ITS ASSIGNS AND RECEIVED AN ASSIGNMENT OF ALL THE OBLIGATIONS OF THE DEFENDANT TO DISCOVER INCLUDING ALL CAUSES OF ACTION ARISING THEREFROM AND THE RIGHT TO ENFORCE SUCH OBLIGATIONS AND CAUSES OF ACTION, AND THE RIGHT TO ALL MONIES DUE THEREUNDER.

5. THAT THE SUM OF $7,296.90 IS DUE AND OWING TO THE PLAINTIFF BY THE DEFENDANT(S) AS OF 5/29/2008, WHICH SUM THOUGH DULY DEMANDED, REMAINS UNPAID, AND FOR WHICH NO VALID DEFENSE OR COUNTERCLAIM EXISTS.

6. THAT, UPON INFORMATION AND BELIEF, AND BASED UPON THE BOOKS AND RECORDS OF THE PLAINTIFF AND UPON THE PROOF OF SERVICE FILED IN THIS ACTION I HAVE DETERMINED THAT DEFENDANT(S) IS (ARE) NOT IN THE MILITARY SERVICE OF THE UNITED STATES OR OF THE STATE OF NEW YORK AS DEFINED IN THE SOLDIERS' AND SAILORS' CIVIL RELIEF ACT OF 1940, AS AMENDED.

WHEREFORE, THE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT(S) FOR $7,296.90 WITH INTEREST FROM 5/29/2008 TOGETHER WITH COSTS AND DISBURSEMENTS OF THIS ACTION.

CARL FOX

SWORN TO BEFORE ME ON 8/11/08

Gloria Villota

Gloria Villota
Notary Public, State of New York
No. 01VI6106253
Qualified in Westchester County
Commission Expires March 1, 2008

ACCOUNT NO: 0688601100222688611
INDEX NO: 47066/05

...NCE OF THE SUMMONS AND COMPLAINT IN THIS ACTION HAVING BEEN SERVED UPON THE
DEFENDANT PETER A REICHERT WITHIN THE STATE ON 08/20/05 AND THE TIME OF SAID
DEFENDANT(S) TO APPEAR AND ANSWER HAVING EXPIRED, AND THE DEFENDANT S NOT
HAVING APPEARED AND ANSWERED HEREIN AND IT APPEARING THAT THE DEFENDANT S IS
(ARE) IN DEFAULT:

NOW, ON MOTION OF Eltman, Eltman & Cooper, P.C., ATTORNEYS FOR THE PLAINTIFF
IT IS :

ADJUDGED that Erin Services Co., LLC plaintiff(s),

RESIDING AT  90 WILLIAM ST - SUITE 802
              NEW YORK, NY  10038

RECOVER(S) OF  PETER A REICHERT  DEFENDANT(S),

RESIDING AT  7069 196TH ST
              FRESH MEADOWS, NY  11366-1618

THE SUM OF $7,826.90  WITH INTEREST OF $2,878.93 MAKING A TOTAL OF $10,614.81
TOGETHER WITH $ 110.00 COST AND DISBURSEMENTS, AMOUNTING IN ALL TO THE SUM OF
10,742.88 AND THAT PLAINTIFF'S HAVE EXECUTION THEREFOR.

JUDGMENT ENTERED ON :

ENTERED
SEP 09 2005
CIVIL COURT
QUEENS COUNTY

CIVIL COURT OF THE CITY OF NEW YORK  
COUNTY OF QUEENS

ACCOUNT #: 9698301109220656111  
FILE NO #: EEC1125949  
INDEX #: 47366/08

**JUDGMENT**

Your Services II., LLC  
       PLAINTIFF(S)

-AGAINST-

PETER A. REICHERT  
      DEFENDANT(S)

AN ACTION AGAINST A NATURAL  
PERSON BASED UPON NON-PAYMENT OF  
CONTRACTUAL OBLIGATION

JUDGMENT RENDERED IN FAVOR  
OF PLAINTIFF(S)

| | |
|---|---:|
| AMOUNT CLAIMED IN COMPLAINT -------------------------------- $ | 7,296.90 |
| PAYMENTS/CREDITS AFTER COMMENCEMENT OF ACTION --------- $ | 0.00 |
| SUBTOTAL --------- $ | 7,296.90 |
| INTEREST AT 9% FROM 6/29/2008 ------------------------- $ | 3,316.83 |
| ATTORNEY'S FEES WAIVED                  $ | 0.00 |
| TOTAL ----------- $ | 10,613.93 |

| | |
|---|---:|
| COSTS AND DISBURSEMENTS | |
| COSTS BY STATUTE -------------------------------- $ | 20.00 |
| FILING OF SUMMONS AND COMPLAINT -------------------- $ | 45.00 |
| SERVICE OF PROCESS -------------------------------- $ | 25.00 |
| PROSPECTIVE MARSHALL'S FEE --------------------------- $ | 40.00 |
| TOTAL COSTS AND DISBURSEMENTS ------------------------- $ | 130.00 |

TOTAL JUDGMENT -------- $ 10,743.93

**ATTORNEY'S AFFIRMATION**

STATE OF NEW YORK,  COUNTY OF NEW YORK:  
THE UNDERSIGNED, ATTORNEY AT LAW OF THE STATE OF NEW YORK, THE ATTORNEY OF RECORD FOR THE PLAINTIFF(S) IN THE ABOVE ENTITLED ACTION, AFFIRMS UNDER THE PENALTIES OF PERJURY THAT THE DISBURSEMENTS ABOVE SPECIFIED HAVE BEEN OR WILL NECESSARILY BE MADE OR INCURRED THEREIN AND ARE REASONABLE IN AMOUNT; THAT THE TIME OF THE DEFENDANT(S) PETER A. REICHERT TO APPEAR AND ANSWER HEREIN HAS EXPIRED AND THAT SAID DEFENDANT HAS NOT APPEARED AND ANSWERED HEREIN SO THAT PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT.  
PURSUANT TO AFFIDAVITS OF SERVICE ON FILE HEREIN, DEPONENT ALLEGES THAT DEFENDANTS ARE NOT IN THE MILITARY SERVICE.

THE UNDERSIGNED AFFIRMS THE FOREGOING TO BE TRUE UNDER PENALTIES OF PERJURY AND, PURSUANT TO SEC. 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22NYCRR) CERTIFY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE CONTENTIONS CONTAINED IN THE ANNEXED DOCUMENTS AND SUMMONS AND COMPLAINT HEREIN ARE NOT FRIVOLOUS. PLAINTIFF WAIVES ITS CAUSE OF ACTION FOR ACCOUNT STATED.

DATED:

ROBERT L. DUNN/WILLIAM CORTELLESSA/JAMES PLAPP  
Nieman, Bitman & Cooper, P.C.  
80 William Street  
New York  NY  10038-5043  
TEL: 680-9100



**AFFIDAVIT OF SERVICE**



ORIGINAL

Attorney: ELTMAN ELTMAN AND COOPER, 140 BROADWAY, 26TH FLOOR NEW YORK NY, 10005, 2126603100

Court: CIVIL COURT OF THE CITY OF NEW YORK: COUNTY OF QUEENS

Index No: 47068/05

Date Filed: _____

| | |
|---|---|
| Plaintiff/Petitioner: | ERIN SERVICES CO., LLC |
| Defendant/Respondent: | PETER A REICHERT |

STATE OF NY : COUNTY OF NASSAU ss.:

I, JOHN HUGHES, being duly sworn according to law upon my oath, deposes and says, that deponent is not a party to this action, is over 18 years of age and resides in reside in NY State.

On Dec, 04 2006 at 08:05 PM, at 1821 129TH STREET (PRIVATE HOUSE), COLLEGE POINT, NY, 11356, deponent served the INFORMATION SUBPOENA AND RESTRAINING NOTICE upon PETER A REICHERT, Defendant herein known as Recipient.

Said service was effected in the following manner;

[ X ] AFFIXING TO DOOR. By affixing and taping a true copy of each to the entrance door of said property, which is Recipient's PLACE OF RESIDENCE within the state. Deponent was unable, with due diligence to find Recipient or a person of suitable age and discretion thereat, having attempted service at said address on the following notations;

1.) ON 11/30/2006 AT 10:00 AM, 2.) ON 12/01/2006 AT 03:45 PM
3.) ON 12/04/2006 AT 08:05 PM

[ X ] MAIL COPY. On TUE, Dec, 05 2006,
after delivery of process was effected, deponent enclosed an additional true and attested copy of same in postpaid envelope addressed to the Recipient at Recipient's PLACE OF RESIDENCE in an official depository under the exclusive care of the United States Postal Service within NY State. The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the Recipient,

[ X ] NON-MILITARY. I asked the person spoken to if the defendant and/or present occupant was in active military service of the United States or the State of New York in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant and/or present occupant is not in the military service of New York State or the United States as that term is defined in the statues of New York State or the Federal Soldiers and Sailors Civil Relief Act.

Address confirmed by a neighbor, JANE DOE at 1823 129TH STREET COLLEGE POINT, NY 11356 QUEENS .

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

X _____
Sworn to before me on TUE, Dec, 05 2006
**WILLIAM SINGLER**
Notary Public, State of NY
No. 01316115080, Qualified in Nassau County
Commission Expires August 30, 2008

X _____
JOHN HUGHES License No: 1224028

Process Service Agency: American Legal Process
Attorney File#: EEC1125949

DEC

E E C 1 1 2 5 9 4 9

CN 47871 CN 47871 CN   % 5 % 49338 % 49338

CIVIL COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK, COUNTY OF QUEENS

INDEX # : 47068/05

---

ERIN SERVICES CO., LLC

      PLAINTIFF,

 -AGAINST-

PETER A REICHERT

    Defendant(s).

**AFFIDAVIT
(AFFIRMATION)
OF INVESTIGATOR
THAT DEFENDANT IS NOT
IN THE MILITARY SERVICE**

---

STATE OF NEW YORK  }
COUNTY OF NEW YORK } SS:

1. I, Maria Villota, am employed by Eltman, Eltman & Cooper, PC, attorneys for the Plaintiff, with offices at 90 William Street New York, NY 10038, am over the age of 18 and do hereby attest that I requested the Department of Defense Manpower Data Center to perform a diligent search of the DMDC Manpower Database to determine the current military or non-military status of the defendant, PETER A REICHERT.

2. I provided the Department of Defense Manpower Data Center with the pertinent information about the defendant such as date of birth and/or social security number, which I know because it was based on information contained in the books and records of the plaintiff.

3. Based on the response I have received from the Department of Defense Manpower Data Center dated 08/11/05, a copy of which is attached hereto and made a part hereof, I am convinced that the defendant is not in any branch of the United Stated military.

4. this affidavit is made pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A. App. Secs 501et. seq, for the purpose of entry of judgment against PETER A REICHERT.

SWORN TO BEFORE ME ON: 8/11/05

                  Maria Villota

MARI R. ZABALA
Notary Public, State of New York
No. 01ZA6063364
Qualified in Bronx County
Commission Expires August 27, 2005

CLAUDIA VILLOTA
Notary Public, state of New York
NO.: 01VI6118173
Qualified in Bronx County
Commission Expires November 1,2008

Eltman, Eltman & Cooper, P.C.
ATTORNEY FOR PLAINTIFF
90 William Street
New York, NY 10038-5043
(212) 660-3100

DEFENDANTS ADDRESS:
PETER A REICHERT
7369 198TH ST
FRESH MEADOWS NY  11366-1818

PLACE OF BUSINESS:

CO-DEFENDANTS ADDRESS IF DIFFERENT:

INDEX NO. 47068/05

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Erin Services Co., LLC

                                          **Judgment Creditor,**

  -AGAINST-

PETER REICHERT

                                    . **Judgment Debtor(s).**

## NOTICE OF MOTION

### ELTMAN, ELTMAN & COOPER, P.C.

Attorneys for Judgment Creditor
Erin Services Co., LLC
140 BROADWAY, 26TH FLOOR
New York, N Y 10005
(212) 660-3100

To:
Attorney(s) for

Service of a copy of the within
Is hereby admitted.
Dated:
    Attorney(s) for:

PLEASE TAKE NOTICE
( ) <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the Clerk of the within Court on:
( ) <u>NOTICE OF SETTLEMENT</u>
that an Order    of which the within is a true copy will be
presented for settlement to HON.      One of the judges of the within named court at:
on      at
Dated:

                    Yours, etc.
                    ELTMAN, ELTMAN & COOPER, P.C.
                    Attorney(s) for: Erin Services Co., LLC
                    140 BROADWAY, 26TH FLOOR
                    New York, N Y 10005   (212) 660-3100

```
This is an attempt to collect a debt by a debt collector and any
    information obtained will be used for that purpose.
```



# Exhibit B

August 1st, 2008

To whom it may concern,

I am sending this letter to you to notify you that I am not the Peter Reichert you are trying to collect a debt from. I called your office and explained to a Mr. John D. Strathman that I am not the Peter Reichert that you are looking for. I gave him my social security # and he agreed that I was not the person, and yet you proceeded to place a judgment against my vehicle any way. I am in receipt of court papers which state that you Eltman,Eltman,and Cooper are trying to take my car from me for a debt that's not mine. I never had nor have I ever applied for a Discover credit card in my life. My name is PETER P. REICHERT NOT Peter A. Reichert nor Peter Reichert. It is obvious that you have the wrong guy. Enclosed you will find a copy of my drivers license and a utility bill with proof of my name PETER P. REICHERT. You have until August 11,2008 to vacate any and all judgments against me PETER P. REICHERT. If you do not comply, I will retain legal counsel and hold you Eltman,Eltman and Cooper solely responsible for any and all costs pertaining to this matter. Your prompt attention to resolving this matter will be beneficial to all parties.

Sincerely,

PETER P. REICHERT











Bell Atlantic

Account Number
Bill Period    Feb 28 - Mar 27, 1999
BAC            Page 1 of 4

P61
P61

To enroll in the Bell Atlantic
Direct Payment Option please read
and sign the agreement on the
reverse side of the payment form
below.

Peter P Reichert
18-21 129 Street
College Point NY   11356-2413

**ACCOUNT SUMMARY**

|  | amount | total |
|---|---|---|
| Previous Balance |  | $66.65 |
| Payment Received 2/22 -- Thank You |  | 66.65 cr |
| **Balance as of 3/3** |  | **$.00** |

New Charges
Bell Atlantic Basic Local Services *page 2* | $25.40 |
Bell Atlantic Calls *page 2* | 17.41 |
Bell Atlantic Optional Services *page 2* | 3.06 |
**Total New Charges Due by March 25, 1999** | | **$45.87** |

PAID

*der or Bill Information*
*-1550*
*yment Information*
*-2100*

TTY/TDD *see page 4*

*her Bill Questions?*
*If the number shown*
*the detail page for*
*t company.*



# Exhibit C

# NEW YORK CITY MARSHAL
## STEPHEN W. BIEGEL



### 109 W. 38th Street, Suite 200, New York, NY  10018
Office: 212-627-7425          MarshalBiegel@aol.com    ·Fax: 212-398-2000

PETER A REICHERT ·          **FINAL**
1821 129TH ST
COLLEGE POINT, NY 11**NOTICE**

Marshal's Docket #: 2008- 1038

Dated: September 29, 2008
**Erin Services Co., LLC**
Judgment Creditor

Vs

**PETER A REICHERT**
Judgment Debtor

#### MARSHAL'S NOTICE OF EXECUTION

An execution against personal property has been issued to me as the result of a judgment entered against you in the above referenced matter. The issuance of an execution against personal property to a city marshal creates a lien on all personal property except the "exempt" property set forth in section §5205 of the Civil Practice Laws and Rules. This "exempt" property may consist of household furniture, one radio and one television, clothing, one refrigerator, work tools, and other basic household furnishings. All personal property not "exempt" may be levied upon and sold at public auction. Ten (10%) of your salary may be levied upon to satisfy this judgment. Welfare income, social security payments and unemployment checks may not be levied upon. If you cannot pay this amount at this time, please contact this office as other arrangements may be made to assist you.

Una Copia de Sentencia Sobre Propiedad Personal ha sido emitida contra usted, la cual tengo en mi poder, como resultado de una decision de la Corte en relacion al caso indicado arriba. Una Copia de Sentencia Sobre Propiedad Personal en manos de un Alguacil, crea un gravamen sobre toda su propiedad personal, MENOS aquella exenta de gravamen de acuerdo al Articulo §5205 del Codigo Civil, del estado. Propiedad exenta de gravamen puede consistir de muebles, herramientas de trabajo, un (1) receptor, un (1) televisor, una (1) nevera, y otros mueblarios basicos del hogar. Toda propiedad personal no exenta de gravamen, puede ser vendida en subasta publica por el Alguacil. Ademas, su salario puede ser tambien embargado hasta un diez porciento (10%), de su ingreso bruto seminal, para asi satisfacer el Dictamen de la Corte. Dinero que viene de Bienestar Publico, o recibido por usted del Seguro Social Federal, asi como dinero recibido para cubrir el desempleo estan extento de embargo por el Alguacil. Si usted no puede pagar esta suma ahora mismo, por favor comunicarse con esta oficina y quizas asi se puede acordar una forma de pago.

The amount due excluding poundage and fees is:  $ 13380.4
La suma que Usted debe, es:

Make check or money order payable to:
Haga su cheque o giro bancario/postal pagadero a:

Stephen W. Biegel
Marshal, City of New York
Badge #27

# Exhibit D

October 6th, 2008

New York City Marshal Stephen W. Biegel, Badge No. 27
109 West 38th Street, Suite 200
New York, N. Y. 10018
212-627-7425

Mr. Peter P. Reichert
18 - 21 129th Street
College Point, New York
1  1  3  5  6

Dear NYC Marshal Stephen W. Biegel,

I am sending you this letter in response to the Letter of Execution, dated September 29th, 2008 that I received from you. This is to inform you that I am not the Peter A. Reichert that you are looking for. My name is Peter P. Reichert, and there is no one at this address (18-21 129th Street College Point, N.Y.) named Peter A. Reichert. I received a Letter of Execution from you on behalf of Erin Services Co., LLC, and I wish to notify you, as I did Erin Services Co., LLC that I am PETER P. REICHERT, and NOT PETER A. REICHERT.

Enclosed, please find copies of my NY State Drivers License, as well as a utility bill to prove to you that you have the WRONG PERSON. Please be advised, that any and all attempts by the City Marshal to seize my property for a debt that is clearly not mine, will result in swift action on my part. It is beneficial to all parties involved to resolve this matter immediately, and stop any and all actions against me PETER P. REICHERT.

Thank you for your prompt attention in this matter.

Sincerely,

Peter P. Reichert

Case 1:11-cv-03585-DLI-JO   Document 1   Filed 07/26/11   Page 49 of 65 PageID #: 49



**Bell Atlantic**

| | |
|---|---|
| Account Number | |
| Bill Period | Feb 28 - Mar 27, 1999 |
| BAC | Page 1 of 4 |

To enroll in the Bell Atlantic *Direct Payment Option* please read and sign the agreement on the reverse side of the payment form below.

Peter P Reichert
18-21 129 Street
College Point NY 11356-2413

**ervice or Bill Information**
...1550
yment Information
...2100

**TTY/TDD** see page 4

**wer Bill Questions?**
If the number shown the detail page for company.

**ACCOUNT SUMMARY**

P61
P61

| | amount | total |
|---|---|---|
| Previous Balance | $66.65 | |
| Payment Received 2/22 — Thank You | 66.65 cr | |
| **Balance as of 3/3** | | $.00 |
| **New Charges** | | |
| Bell Atlantic Basic Local Services *page 2* | $25.40 | |
| Bell Atlantic Calls *page 2* | 17.41 | |
| Bell Atlantic Optional Services *page 2* | 3.06 | |
| **Total New Charges Due by March 25, 199?** | | **$45.87** |

PAID



# Exhibit E

October 6th, 2008

Eltman, Eltman & Cooper, P. C.
225 Broadway, Suite 1802
New York, N. Y. 10007

Mr. Peter P. Reichert
18 - 21 129th Street
College Point, New York
1   1   3   5   6

Dear Eltman, Eltman & Cooper, P. C.
(Erin Services Co., LLC)

      I am sending you this letter in response to a Letter of Execution, dated September 29th, 2008 that I received from NYC Marshal Stephen W. Biegel, Badge No. 27 sent on your behalf. This is to inform you(Eltman, Eltman &Cooper,P. C./Erin Services Co.., LLC) that I am not the Peter A. Reichert that you are looking for.   My name is Peter P. Reichert, and there is no one at this address (18-21 129th Street College Point, N.Y.) named Peter A. Reichert. I received a Letter of Execution from NYC Marshal Stephen W. Biegel, Badge No. 27 sent to me on your behalf, and I wish to notify you, as I did him that I am PETER P. REICHERT, and NOT PETER A. REICHERT.

      Enclosed, find copies of my NY State Drivers License, as well as a utility bill to prove to you that you have the WRONG PERSON. Be advised, that any and all attempts by the City Marshal, and Eltman, Eltman & Cooper, P. C./Erin Services Co., LLC to seize my property for a debt that is clearly not mine, will result in swift action on my part. It is beneficial to all parties involved to resolve this matter immediately, and stop any and all actions against me PETER P. REICHERT.

Sincerely,

Peter P. Reichert

# Exhibit F

# Eltman, Eltman & Cooper P.C.

140 Broadway, 26th Floor New York, NY 10005
Toll Free (866) 511-9445

August 3, 2010

Creditor:            ERIN CAPITAL MANAGEMENT , LLC
Original Creditor:   DISCOVER
Account:             6011002220656151
EEC File #:          745963
Balance:             $10375.73

Dear Mr./Ms. REICHERT:

Please be advised that Eltman, Eltman & Cooper P.C. has been retained by ERIN CAPITAL MANAGEMENT , LLC, purchaser of the above account, for collection of this debt.

Currently, no attorney with the firm has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of suit. However, if you fail to contact this office, our client may consider the availability of additional remedies to recover the balance due.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If, within thirty days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail to you a copy of such verification or judgment. If you notify this office in writing within thirty (30) days after receiving this letter, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter you owe $10375.73. At this time our offices are willing to deduct twenty percent (20%) from the current balance if the account is Settled in Full. This will be a savings of:
**$2075.15**

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information write the undersigned or call 1-866-511-9445.

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

Eltman, Eltman & Cooper P.C.

***Detach Lower Portion and Return with Payment***

CCUI03258PDE100CC

·PDE100CC·
140 Broadway 26th Floor
New York, NY 10005-1108

Creditor: ERIN CAPITAL MANAGEMENT , LLC
Original Creditor: DISCOVER
Account: 6011002220656151
EEC File #: 745963
Balance: $10375.73

August 3, 2010
PETER A REICHERT
1821 129TH ST
COLLEGE POINT NY 11356

Eltman, Eltman & Cooper P.C.
140 Broadway 26th Floor
New York, NY 10005-1108

=100051108996:

# Exhibit G

P. Reichert
18-21 129 Street
College Point, N.Y. 11356



ELtMAN, ELtMAN, + Cooper P.C.
140 Broadway 26 Floor
NEW York, N.Y. 10005

---

Peter P Re
18-21 129 St.
College Pt N.Y.
8-12-10

ELtMAN, ELtMAN, + Cooper, P.C.
140 Broadway 26 floor
NEW York, N.Y. 10005

To Whom it May Concern,
I Recieved A Letter from
Your office dated 8-3-2010,
In Which you Say That I owe
Money TO ERin CAPital MANAGette
Your File # 13749563.

I disRute This Account. I
dont Know Why Your doing This
To ME AGAin, A years Ago you
Tied To Take My CAR, AS I've
Told you AGAin & AGAin You have
The Wrong Peter Reichert.

Sincerely
Peter P Reichert

PS I AM Sending This Letter By
Certified Mail, Return Receipt once a.a.



## Track/Confirm - Intranet Item Inquiry
### Item Number: RE19 3629 955U S

**This item was delivered on 08/18/2010 at 13:57**



| | |
|---|---|
| **Signature:** | *Maxwell Burke* |
| **Address:** | 140 Broadway #20Fl |

---

**Enter Request Type and Item Number:**

**Quick Search** ⦿     **Extensive Search** ○

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.

# Exhibit H

**Asset Management.
Professionals, LLC**
P.O. Box 2824 • Woodstock, GA 30188
**Phone: 888-355-7515**

665 Molly Lane
Suite 110
Woodstock, GA 30189

11 00000203
792102

December 8, 2010

1578505-AMP00122

Peter Reichert
1821 129TH ST
COLLEGE POINT, NY   11356-2413



Dear Sir/Madam:

Our client, ERIN CAPITAL MANAGEMENT who has purchased your defaulted account from DISCOVER has authorized us to settle on this account. Our client has allowed us to offer you the option of one of the following two (2) repayment plans in order to settle this balance.

Please choose one of the following options and forward this letter with your payment to Asset Management Professionals, LLC in the envelope provided:

 • My balance will be settled in full by a one-time payment of $12,882.26; or
 • My account will be settled in full by three (3) equal consecutive monthly payments of $4,938.20

If you would like to discuss alternative payment arrangements please contact Morgan Woods at 888-355-7515. For your convenience, our account representatives accept several forms of payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, our office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor if that is different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**\*\*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION\*\***

AMP00122
AMPwfc V1
792102

Detach and return this portion with your payment in the envelope provided

**PLEASE MARK AN OPTION BELOW**

(  ) My balance will be settled in full by a
one time payment equal to $12,882.26.

(  ) My balance will be settled in full by
THREE equal monthly payments of $4,938.20.
These payments will be made on the
_____ day of each month

Make your check or money order payable to
Asset Management Professionals, LLC.

**Reference #: 1578505**

**Amount Enclosed:** _____

Make your check or Money Order Payable to Asset
Management Professionals, LLC. Please be sure the
address below is visible in the remit envelope window.

**ASSET MANAGEMENT PROFESSIONALS, LLC**
PO BOX 2824
WOODSTOCK, GA  30188-1386

AMP00122

# Exhibit I

Westlaw.

26 Misc.3d 1230(A)

Page 1

26 Misc.3d 1230(A)
**(Table, Text in WESTLAW), Unreported Disposition**
**(Cite as: 26 Misc.3d 1230(A), 907 N.Y.S.2d 100)**

**C**

Erin Servs. Co., LLC v Bohnet
26 Misc.3d 1230(A), 907 N.Y.S.2d 100
N.Y.Dist.Ct. 2010.

26 Misc.3d 1230(A), 907 N.Y.S.2d 100,
2010 WL 743828, 2010 N.Y. Slip Op.
50327(U)

This opinion is uncorrected and will not be
published in the printed Official Reports.

Erin Services Co., LLC., Plaintiff(s)
v.
Patricia Bohnet, S/H/A PATRICIA BON-
NET, Defendant(s)
**19984/04**

District Court of Nassau County, Second
District

Decided on February 23, 2010

CITE TITLE AS: Erin Servs. Co., LLC v
Bohnet

ABSTRACT

Attorney and Client
Frivolous Conduct

*Erin Servs. Co., LLC v Bohnet*, 2010 NY
Slip Op 50327(U). Attorney and Cli-
ent—Frivolous Conduct. (Nassau Dist Ct,
Feb. 23, 2010, Ciaffa, J.)

APPEARANCES OF COUNSEL

Eltman, Eltman & Cooper, P.C. 90 William
Street, New York, NY 10038, attorney for
Plaintiff
Patricia Bohnet, 15 Dorothy Place, Lyn-
brook, NY 11563, Defendant Pro se
Lawyers' Fund for Client Protection

OPINION OF THE COURT

Michael A. Ciaffa, J.
"High volume" debt collection law prac-
tices are subject to the same ethical rules as
apply to lawyers handling any other civil
litigation matter. While mistakes can be
made by any law office, lawyers engaged
in the collection of assigned debts seem es-
pecially prone to pursuing claims improp-
erly, often at the expense of the most vul-
nerable members of our society.

On a case-by-case basis, improper litiga-
tion practices in such cases are typically
corrected through vacatur of a default judg-
ment and dismissal of the complaint.
Sometimes, it turns out that the plaintiff
has obtained judgment based upon faulty
proof of service, and/or inadequate proof.
The debts, in many cases, are quite old,
having been "written off" long ago by the
original creditor. Proof of assignment is
usually lacking. And when the debtor asks
for verification and documentation, the
plaintiff rarely is in a position to provide it.

This matter, regrettably, involves a verit-
able "perfect storm" of mistakes, errors,
misdeeds, and improper litigation practices
by plaintiff's counsel, Eltman, Eltman &
Cooper, P.C. Defendant, Patricia Bohnet,
was the victim of these improper actions.
As explained more fully below, plaintiff's
counsel are being sanctioned for multiple
acts of frivolous conduct throughout the
course of this matter. On no fewer than 18
occasions, counsel failed to satisfy its eth-
ical obligation under Rule 130. Based upon
the record adduced before this Court, sub-
stantial sanctions, totaling $14,800.00, are

26 Misc.3d 1230(A)

26 Misc.3d 1230(A)
**(Table, Text in WESTLAW), Unreported Disposition**
(Cite as: 26 Misc.3d 1230(A), 907 N.Y.S.2d 100)

wholly warranted.

### HISTORY OF PROCEEDINGS*2

The Court file indicates that this assigned-debt lawsuit was commenced in August 2004, and resulted in a default judgment entered by the Clerk on October 21, 2004. Nearly five years later, by Order to Show Cause dated July 10, 2009, defendant Bohnet moved for an order vacating and setting aside the default judgment and dismissing the complaint.

This Court signed the Order to Show Cause based upon defendant's facially

meritorious affidavits, which raised *bona fide* issues respecting the underlying judgment. Among other claims, defendant presented sworn allegations concerning false and faulty service of process, the absence of notice and an opportunity to be heard before a judgment was entered, improper debt-collection practices, and plaintiff's failure to provide verification of the underlying debt in response to defendant's repeated requests.

The Order to Show Cause included an explicit direction requiring "Personal Appearance" by all parties. Notwithstanding this direction, plaintiff's counsel failed to appear on the return date, without excuse or explanation.

Defendant Bohnet appeared as required on the return date. After hearing testimony from her, in open court, I concluded, upon her affidavits and sworn testimony, that the 2004 default judgment had been obtained through a demonstrably false affidavit of service. That affidavit, on its face, claimed that defendant had been personally served at a certain Lynbrook address on July 30,

2004. However, defendant hadn't lived at that address since 1998. Moreover, defendant, in fact, had no actual notice of the action until June 2009, when she was contacted and harassed at her job by someone affiliated with plaintiff's counsel's office. Defendant repeatedly sought verification from plaintiff's counsel regarding the underlying alleged debt and the judgment plaintiff had obtained. Plaintiff's counsel were completely uncooperative and abusive to her.

In the face of defendant's sworn statements, counsel's failure to appear, and defendant's testimony in open court, I issued an order vacating the default judgment and dismissing the complaint with prejudice. My order specifically ordered counsel for plaintiff to appear for a hearing on sanctions under Rule 130 for frivolous conduct in connection with the prosecution of this action.

When the matter was next heard, a *per diem* attorney with no personal knowledge appeared in lieu of plaintiff's counsel. Defendant complained, at that time, that representatives of plaintiff's counsel had been continuing to hound her for payment of the alleged debt, through multiple calls to her home and cell phone. The latter acts took place *after* the Court had issued an order dismissing the action. The Court accordingly issued a further order directing counsel to refrain from calling defendant, and again directing counsel to appear for a sanctions hearing.

An inexperienced associate appeared on November 12, 2009, bringing with him little from his file. The associate had no proof from the firm's file establishing any of the facts underlying the claim. He had no proof that defendant once owed a debt to First USA, as alleged. He had no proof that defendant ever defaulted on any such debt. He had no proof that his firm's *3 cli-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 1:11-cv-03585-DLI-JO   Document 1   Filed 07/26/11   Page 63 of 65 PageID #: 63

26 Misc.3d 1230(A)
**(Table, Text in WESTLAW), Unreported Disposition**
**(Cite as: 26 Misc.3d 1230(A), 907 N.Y.S.2d 100)**

ent Erin Services Co., LLC., had ever obtained a lawful assignment of any such debt. He had no proof that anyone actually provided defendant with notice of the assignment. He offered no proof that anyone from Erin Services ever contacted defendant, before bringing suit, attempting to collect the alleged debt. Although he claimed, in conclusory fashion, that his firm currently followed certain

procedures for verifying the address of persons they intended to sue, he could not describe the procedures followed in 2004, when defendant was first sued.

In the face of this meager presentation, defendant testified convincingly that her experience with Erin Services and its counsel had scared her. In order to contest its baseless claims, she was required to take off several days from work. And the continued calls she kept getting, after the judgment had been vacated, were extremely disturbing to her.

The proceedings on November 11, 2009, ended with a direction requiring counsel to produce its "complete" file, save privileged documents, for the Court's review. The Court's expectation was that the file would show, better than any other evidence, whether counsel had satisfied its ethical duty, at each step in the process, to move forward with the claim only if it had a valid factual and legal basis for doing so. Regrettably, counsel, once again, failed to produce its complete file, and it failed to present a further defense of its misconduct.

Instead of providing its complete file, counsel submitted a CD-ROM to the court, containing a jumble of computer entries. The submission raised more questions than it answered. Most notably, the computer entries show that in May 2004, the firm re-

cords incorrectly listed defendant's address as being in East Rockaway, New York. However, the following month, in June 2004, the records show an unexplained change from that address to a second incorrect address - her former residence in Lynbrook. The latter listing was apparently the factual predicate for sending the process server to defendant's former residence address, where service was purportedly made upon her, personally.

No explanation is offered for why the firm believed that one address or the other was the correct one. No proof of due diligence in investigating the accuracy of the different listings is submitted. The computer records are also notable for what they fail to include: namely, proof of the assignment of the original account by First USA, proof that defendant actually owed money on that account at the time of the assignment, and proof that plaintiff had a good faith basis for pursuing the claim at the time the action was commenced in 2004. Indeed, to this day counsel has failed to provide a scintilla of evidence that defendant was actually indebted to First USA many years ago, or that plaintiff Erin Services acquired a lawful assignment of a *bona fide* debt.

## FINDINGS RESPECTING BASIS FOR SANCTIONS

Based upon the papers before me, the testimony submitted, and the absence of contrary evidence, from which an adverse inference may be drawn, the Court finds that plaintiff's counsel, *4 Eltman, Eltman & Cooper, P.C., has engaged in the following frivolous and sanctionable conduct under Part 130 of the Uniform Court Rules:

1.Failing to properly investigate in 2004

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

26 Misc.3d 1230(A)
**(Table, Text in WESTLAW), Unreported Disposition**
**(Cite as: 26 Misc.3d 1230(A), 907 N.Y.S.2d 100)**

whether defendant actually resided at the Lynbrook address listed on the summons;

2.Advising its process server, without making a diligent investigation, to make service at that address;

3.Failing to supervise/oversee its process server with respect to making proper service upon defendant;

4.Filing an affidavit of service that it knew or should have known included a false claim of personal service upon defendant;

5.Filing a "verified complaint" without investigating the factual basis for its claims that First USA extended credit to defendant, that defendant failed to make required payments, and that $3,158.68 was duly demanded by First USA and was then due and owing.

6.Filing a "verified complaint" without investigating whether First USA had duly and properly assigned all right, title and interest in the account to the plaintiff, Erin Services Co., LLC, prior to commencement of the action;

7.Failing to investigate whether plaintiff had taken an assignment of a claim for the sole purpose of bringing suit upon it, in violation of Judiciary Law §489;

8.Failing to investigate whether defendant had been given notice of the assignment before plaintiff commenced suit against defendant as an alleged assignee;

9.Filing with the complaint an affidavit from an assistant secretary of the plaintiff, falsely claiming "personal knowledge" of facts respecting the alleged underlying debt;

10.Requesting and obtaining a default

judgment against defendant which it knew or should have known was supported by insufficient proof and/or

false and/or fraudulent affidavits;

11.Attempting to enforce a default judgment it knew or should have known was invalidly obtained;

12.Failing to investigate, in good faith, defendant's protests in 2009, that the judgment had been improperly obtained;*5

13.Failing to investigate, in good faith, whether the underlying claim had a valid factual and legal basis when filed, upon defendant's verification request in 2009;

14.Failing to appear in Court, as ordered, in response to defendant's order to show cause;

15.Disobeying the Court's order of dismissal by continuing efforts to collect the alleged debt from defendant following dismissal of the complaint;

16.Harassing and/or maliciously injuring defendant through phone calls to her home and cell phone following dismissal of the complaint;

17.Failing to send an attorney with knowledge of the facts to Court on the October 21, 2009 hearing date, causing its rescheduling;

18.Failing to produce counsel's complete file, as directed, in connection with the sanctions hearing.

## SANCTIONS AWARDED

The sanctions to be awarded must, necessarily, be sufficient to deter the kind of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

26 Misc.3d 1230(A)                                                                Page 5

26 Misc.3d 1230(A)
**(Table, Text in WESTLAW), Unreported Disposition**
**(Cite as: 26 Misc.3d 1230(A), 907 N.Y.S.2d 100)**

egregious conduct presented. Keeping in mind the limits imposed by §130-1.2, the Court grants sanctions in the amount of $2,500.00 for the service of process-related violations (#1-4), $2,500.00 for failing to assess the legal and factual basis for the claim (#6-9), $2,500.00 for improperly obtaining and trying to enforce a default judgment against defendant (#10-11); $1,000.00 for delaying final resolution by ignoring defendant's protests and objections (#12-13), $1,000.00 for failures to appear in Court and/or sending persons lacking knowledge (#14 and 17); $500.00 for disobedience of the Court's order requiring production of plaintiff's complete file (#18); and $4,800.00 payable to defendant, directly, as compensation for being subjected to continued harassing and improper phone calls (#15-16) and for having to take time off from work to obtain judicial relief in this matter. Except for the last amount, the sanctions shall be payable to the Lawyers' Fund for Client Protection. All payments shall be made within

30 days.

SO ORDERED:

DISTRICT COURT JUDGE

Dated: February 23, 2010

CC:Eltman, Eltman & Cooper, P.C.

Patricia Bohnet, Pro se

Lawyers' Fund for Client Protection

MAC:ju 12/1/09

Copr. (c) 2011, Secretary of State, State of New York
N.Y.Dist.Ct. 2010.
Erin Servs. Co., LLC. v Bohnet

26 Misc.3d 1230(A), 907 N.Y.S.2d 100907 N.Y.S.2d 100 (Table)(Table, Text in WESTLAW), Unreported Disposition6022010 WL 7438289992010 N.Y. Slip Op. 50327(U)4603, 907 N.Y.S.2d 100907 N.Y.S.2d 100 (Table)(Table, Text in WESTLAW), Unreported Disposition6022010 WL 7438289992010 N.Y. Slip Op. 50327(U)4603, 907 N.Y.S.2d 100907 N.Y.S.2d 100 (Table)(Table, Text in WESTLAW), Unreported Disposition6022010 WL 7438289992010 N.Y. Slip Op. 50327(U)4603

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.